NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2766

_____

STEVEN BRODIE, JR.,
Appellant

v.

GLOUCESTER TOWNSHIP; CINDY RAU-HATTON, Individually and in Her Official
Capacity as Former Mayor, Gloucester Township, NJ; DAVID MAYER, Individually
and in His Official Capacity as Mayor, Gloucester Township, NJ; TOM CARDIS,
Individually and in His Official Capacity as Business Administrator; GABRIEL BUSA,
Individually and in His Official Capacity as Former Director of Public Works; LEN
MOFFA, Individually and in His Official Capacity as Director of Public Works and
Former Supervisor of Parks and Recreation; DENISE WOLF, Individually and in Her
Official Capacity as a member of the Human Relations Commission; DAVID
MCMURRAY, Individually and in His Official Capacity as a member of the Human
Relations Commission; MARY DORAZO, Individually and in Her Official Capacity as a
member of the Human Relations Commission; CHERYL SPANGLE, Individually and in
Her Official Capacity as a member of the Human Relations Commission; PAULETTE
RAPPA, Individually and in Her Official Capacity as a member of the Human Relations
Commission; CRYSTAL EVANS, Individually and in Her Official Capacity as a
member of the Human Relations Commission; EUGENE LAWRENCE, Individually and
in His Official Capacity as a member of the Human Relations Commission Gloucester
Township, NJ; STEVEN HIRSCHBUL, Individually and in His Official Capacity as a
member of the Human Relations Commission; VIRGINIA VARRELL, Individually and
in Her Official Capacity as a member of the Human Relations Commission; SHELLEY
LOVETT, Individually and in Her Capacity as a member of the Human Relations
Commission; HUMAN RELATIONS COMMISSION OF GLOUCESTER TOWNSHIP;
DAVID T. POMIANEK; MICHAEL DORAZO, JR.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 1-11-cv-01914)
District Judge: Honorable Joseph H. Rodriguez

_____

_____

Before: GREENAWAY, JR., SLOVITER, and BARRY, *Circuit Judges*.

(Opinion Filed:  July 19, 2013)

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

Steven Brodie, Jr., ("Brodie") seeks review of two decisions from the District Court — the first disposing of his complaint[1] and the second denying his motion for an extension of time to file a notice of appeal of that decision.  For the reasons set forth below, we will affirm the decision denying the motion for an extension of time and will dismiss the appeal of the order disposing of the complaint for lack of jurisdiction.

## I.  Background

The facts relevant to our decision are limited to the timing of the District Court's decision and Brodie's efforts to file a notice of appeal.  On February 1, 2012, the District Court entered an order granting the motions to dismiss and the motion for summary judgment.  On March 30, 2012, Brodie filed a motion, pursuant to Fed. R. App. P.

_____

[1] All but one of the defendants filed motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The remaining defendant, David T. Pomianek, filed a motion seeking summary judgment.  All of the motions, including the motion seeking summary judgment, argued that Brodie's claims were barred by the statute of limitations.

4(a)(5), seeking an extension of time to file a notice of appeal. The motion was filed

beyond the thirty-day time limit for filing a notice of appeal set forth in Fed. R. App. P.

(4)(a). However, Fed. R. App. P. 4(a)(5) allows a party to file a motion seeking an

extension of time so long as the motion is filed "no later than 30 days after the time

prescribed by [Fed. R. App. P. 4(a)] expires; and . . . that party shows excusable neglect

or good cause." Fed. R. App. P. 4(a)(5). While the motion was timely under this rule,

Brodie still needed to demonstrate excusable neglect or good cause.[2]

On May 30, 2012, the District Court denied the motion for an extension of time,

concluding that Brodie failed to establish excusable neglect. Specifically, the District

Court found "Plaintiff's counsel had reasonable control over the ability to file a timely

appeal, and elected not to do so." (App. 7A.) On June 20, 2012, Brodie filed a notice of

appeal of both the February 1, 2012 and May 30, 2012 orders.[3]

---

[2] "The good cause standard 'applies in situations in which there is no fault—excusable or otherwise.'" *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323-24 n.2 (3d Cir. 2012) (quoting Fed. R. App. P. 4 (Advisory Committee's Notes on 2002 Amendments)). Good cause is not applicable here. We only address the excusable neglect standard.

[3] On June 26, 2012, the Clerk's Office issued an order "addressing the scope of the appeal, specifically addressing this Court's authority to review the February 1, 2012 order." According to Brodie's counsel, "Appellant is primarily seeking review of the District Court's February 1 Order dismissing his Complaint as untimely. . . . Appellant recognizes that unless and until he receives an extension of time, any appeal of the February 1, 2012 Order would be untimely." (July 10, 2012 letter from William B. Hildebrand.)

## II. Analysis[4]

"It is uncontested that this Court generally reviews a district court's decision whether or not to grant an extension of time to file a notice of appeal for an abuse of discretion." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 322 (3d Cir. 2012). "The district court abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or the improper application of law to fact." *Id.*

Similar to the test we established in *Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916 (3d Cir. 1987), the Supreme Court, "in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), established an equitable approach to the 'excusable neglect' determination." *Ragguette*, 691 F.3d at 319. The *Pioneer* test includes four factors: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

The District Court, after weighing the relevant factors, concluded that "[t]his is not a case where, 'as the result of some minor neglect, compliance was not achieved.'" (App. 7A (quoting *Consol. Freightways*, 827 F.2d at 920)). Instead, the District Court

---

[4] We have jurisdiction to review the May 30, 2012 decision, pursuant to 28 U.S.C. § 1291, since the notice of appeal of that decision was filed in a timely manner. As discussed below, we conclude we lack jurisdiction to review the February 1, 2012 order.

4

found that Brodie's counsel could have filed a notice of appeal, but chose not to do so.

This conclusion was not an abuse of discretion. The District Court applied the correct legal standard, and its factual findings were not erroneous. The affidavit provided by Brodie in support of the motion for extension of time did not provide any reason for his counsel's failure to file a notice of appeal. In fact, as the District Court noted, counsel simply chose not to file an appeal. The email Dennis Young, Brodie's trial counsel, sent to Brodie on March 15, 2012 supports the District Court's conclusion. In that email, counsel explained to Brodie that "the court found [the] claims barred by the statute of limitations," and suggested that "[i]n the future, if you ever believe you are the subject of discrimination please contact me immediately and do not wait to move forward." (App. 75A.) These statements imply a recognition of the statute of limitations problem and a resignation to the outcome of the case.

Both the Supreme Court and our Court have long "held that clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396. The Supreme Court has indicated that the question is not whether the client "did all [he] reasonably could in policing the conduct of [his] attorney," but rather if the "attorney, as [his] agent, did all he reasonably could to comply" with the deadline. *Id.* Here, it is clear that counsel did not take any action to file a notice of appeal.

Given a record that indicates counsel chose not to file a notice of appeal, we conclude that the District Court did not abuse its discretion in denying the motion for an extension of time.

5

### III.  Conclusion

For the reasons stated above, we will affirm the decision of the District Court denying the motion for an extension of time to file a notice of appeal.  Since the motion for an extension of time was denied, the appeal of the order disposing of the case was untimely.  We will therefore dismiss the appeal of the February 1, 2012 order for lack of jurisdiction.